UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**UNITED STATES OF AMERICA**

v.

**Caliph BARR,**
          **Defendant.**

Crim. No. 14-592 (KM)

**MEMORANDUM and ORDER**
(Gov't motions *in limine*)

This one-count Indictment charges that the defendant, Caliph Barr, having previously been convicted of a felony offense in the Superior Court of New Jersey, Essex County, possessed a firearm and ammunition. *See* 18 U.S.C. § 922(g)(1). Now before the court is a pretrial motion of the United States *in limine* (ECF No. 19). The government seeks a ruling as to whether it may use for impeachment purposes evidence that the defendant has two prior felony drug convictions, and has used aliases and false dates of birth in connection with past arrests. Mr. Barr, by his counsel, has filed a response (ECF No. 23). The Court heard oral argument on October 19, 2014, and reserved decision.

I now rule, and grant in part the government's motions. The parties are advised, however, that pretrial motions *in limine* are necessarily decided without the context of the trial record. Such trial developments as the introduction of other relevant evidence, or a party's "opening the door" may lead the Court to revisit an issue.

**I.**    **Use Of Prior Felony Drug Convictions For Impeachment**

The government seeks to use Mr. Barr's two prior state-court felony convictions to impeach him on cross-examination if he should testify at trial. Those two convictions are

(a) a January 28, 2011 conviction of two counts of manufacturing, distributing, or dispensing more than five ounces of heroin or cocaine; and

(b) a September 27, 2013 conviction of distributing, dispensing, or possessing with intent to distribute a controlled dangerous substance in a school zone.[1]

Both resulted in probationary sentences. The defendant is, however, serving a sentence of four years' imprisonment for violation of probation on the first charge.

### A.   Rule 609(a)(1)(B) and the four *Bedford* factors

Federal Rule of Evidence 609(a)(1)(B) provides that evidence that an accused has been convicted of a felony "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant."[2]

> "Rule 609 is premised on 'the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath.'" *Walden v. Georgia Pac. Corp.*, 126 F.3d 506, 523 (3d Cir.1997) (quoting *Cummings v. Malone*, 995 F.2d 817, 826 (8th Cir.1993)) (further citation omitted). "Rule 609 evidence is admitted in order to inform the jury about the character of the witnesses whose testimony the jury is asked to believe." *Id.* (citing *United States v. Martinez*, 555 F.2d 1273, 1275 (5th Cir. 1977).
>
> When a defendant chooses to testify at his trial he places his credibility "directly at issue." *United States v. Beros*, 833 F.2d 455, 463–64 (3d Cir. 1987).

*United States v. Murphy*, 172 F. App'x 461, 462–63 (3d Cir. 2006)

In considering whether probativeness outweighs prejudice under Rule 609, the court must balance four factors:

(1) the kind of crime involved;

---

[1]   These dates appear to represent the dates that Mr. Barr pled guilty to the offenses in state court.

[2]   That Rule 609 probativeness/prejudice balance essentially reverses the burden of persuasion under Rule 403, which is to show that the probativeness of the evidence is "substantially outweighed" by the prejudice.

Different rules apply if the prior offense is one involving dishonesty or false statement, or if more than 10 years have passed since the conviction or release from imprisonment. Fed. R. Evid. 609(a)(2) & (b). Neither is claimed here.

2

(2) when the conviction occurred;
(3) the importance of the defendant's testimony; and
(4) the degree to which the defendant's credibility is central to the case.

*Gov't of V.I. v. Bedford*, 671 F.2d 758, 761 n.4 (3d Cir. 1982). *Accord United States v. Caldwell*, 760 F.3d 267, 286 (3d Cir. 2014).

### 1. *Nature of offense*

Both of Mr. Barr's prior felony convictions involve distribution of illegal narcotics. Such drug offenses, which are not crimes of falsehood, fall within the general felony-impeachment category of Fed. R. Evid. 609(a)(1)(B). *See United States v. Ortiz*, 553 F.2d 782 (2d Cir. 1977); *see also Murphy, supra.*[3]

The evident rationale of Rule 609(a)(1)(B) is that commission of a felony-grade offense bespeaks a willingness to disregard social norms, and therefore bears on the likelihood that a defendant would testify truthfully. The prior felony, however, need not have had falsehood as an element. For such non-falsehood felonies, there is a continuum of relevance. An impulsive crime such as assault may have less probative value regarding truthfulness, and a deliberative offense such as theft may have more. *See Caldwell*, 760 F.3d at 286. Narcotics trafficking would seem to fall between those two extremes, perhaps closer to the theft end of the scale. On that score, *Ortiz*'s reasoning is pertinent: narcotics dealing tends to involve deliberation, secrecy, and dissimulation. *See* 553 F.2d at 784; *see also United States v. Murphy, supra* (Third Circuit upholds district court's similar analysis, which cited the "Second Circuit," an apparent reference to *Ortiz*). Hence it is quite relevant to credibility.

---

[3]   In unpublished decisions, the Third Circuit has accepted other Circuits' conclusion that such drug convictions relate to credibility:

> [W]e agree with the District Court that Gaston's prior drug convictions were probative of his credibility. *See United States v. Cordoba*, 104 F.3d 225, 229 (9th Cir.1997) (holding that a prior conviction for possession with intent to distribute cocaine is admissible under Rule 609); *United States v. Hernandez*, 106 F.3d 737, 739–40 (7th Cir.1997) (holding that prior convictions for possession of cocaine and marijuana are admissible to impeach defendant).

*United States v. Gaston*, 509 F. App'x 158, 160 (3d Cir. 2013); *see also Murphy, supra.*

3

A potential source of countervailing prejudice is the similarity between the prior offense and the currently charged offense. Where the prior and current offenses are identical, a jury may unfairly assume that the defendant is prone to commit that particular offense and so must be guilty of the current charges. *See Caldwell,* 760 F.3d at 286–87 (government proffers prior firearms conviction in a firearms case); *United States v. Hans,* 738 F.2d 88, 94 (3d Cir. 1984) (approving district judge's determination that prior conviction of assault with intent to commit armed robbery was "too similar" to charged offense of armed bank robbery).

Here, the prior offenses involve drug dealing, while the current charged offense is illegal possession of a weapon. The offenses are not identical. The forbidden inference in its classic form—that defendant committed offense X before, and so is more likely to have committed offense X this time—does not arise.

That said, an individual juror may associate drugs and guns. I will police the evidence to ensure that the government does not purposely or inadvertently link this possessory gun offense with uncharged drug trafficking. *See United States v. Gaston,* 509 F. App'x 158, 160–61 (3d Cir. 2013). I would scrutinize with great care, for example, any proffered testimony that the defendant came to the officers' attention when they were patrolling an area known for narcotics trafficking.

Any residual risk of prejudice may be dealt with by an appropriate instruction to the jury. *Id.* at 161 ("the District Court minimized any prejudice that may have resulted from the admission of the convictions by limiting the government to asking about the fact of the conviction and the date of the conviction and issuing a limiting instruction that directed the jury that Gaston's prior convictions were not to be considered for any purpose other than assessing his credibility").

4

### 2. *Date of prior convictions*

Both prior drug convictions are well within the Rule 609 limitations period of 10 years. The first occurred over four years ago, in 2011, and the second just two years ago, in 2013. The defendant is not being tarred with old matters that no longer fairly represent his character. These convictions occurred within 3 years of each other, and within 5 years preceding this trial.

### 3, 4. *Importance of defendant's testimony/ Centrality of defendant's credibility*

The third and fourth factors are interrelated, and are somewhat in tension. *See Caldwell*, 760 F.3d at 288 n.15. If the defendant himself is the only relevant fact witness for the defense, his testimony must obviously be considered critical. That very circumstance, however, also raises the ante as to his credibility.

Defendant states that the central issue at trial will be a credibility contest between himself and the police officers as to whether he possessed the gun. He stresses the criticality of his own testimony. But if the trial is to be a swearing contest, then the jury must be given the tools to do its fact-finding job. *United States v. Johnson* is to the point: "Credibility was a major issue at trial because [defendant]'s defense depended on the jury believing his story rather than [prosecution witness]'s, and evidence of a felony conviction is probative of credibility." 302 F.3d 139, 152 (3d Cir. 2002).

This factor, too, suggests that a jury weighing Mr. Barr's credibility should hear about his prior convictions.

### B.   Scope of Impeachment

Balancing the above factors, I conclude that these prior felony narcotics convictions are available to impeach defendant (should he testify) under Rule 609. An issue remains, however, as to the scope of such impeachment—*i.e.*, how specific it may be. The government contends that both convictions, and their nature, are fair game. The defendant suggests that impeachment, if permitted, should reveal only that the defendant has a prior felony conviction or convictions, and no more.

5

As to that issue, some specialized considerations arise from the felon-in-possession offense. At oral argument, defense counsel represented that the defense would stipulate to the existence of the prior conviction. That being the case, the government's case in chief will not include evidence of the specific nature of the prior felony. *See Old Chief v. United States*, 519 U.S. 172 (1997). At the close of the prosecution's case, the jury will have heard only that the defendant has a prior, unspecified, felony conviction. I therefore consider the incremental prejudice of revealing on cross-examination that the prior felony was a drug offense. *Cf. United States v. Johnson*, 302 F.3d 139, 152 (3d Cir. 2002) ("the risk of unfair prejudice was relatively slim, as the jury already knew that there was an outstanding warrant for Johnson's arrest when he was taken into custody").

I find that, if the nature of the prior offense is revealed, the resulting prejudice will not be severe or undue. As noted above, different kinds of felonies may bear on credibility to a greater or lesser extent. Naming a prior conviction on cross-examination will enable the jury to judge its probativeness in a way that a generic reference would not. *See generally Caldwell*, 760 F.3d at 286 n.14. I find it appropriate to name the prior felony as a drug offense, to give the jury a basis for exercising its judgment. The name of the prior offense, then, may be revealed on cross-examination.

The question remains whether the government should be confined to eliciting only one of the two prior felonies. Does the incremental probative value of a second felony conviction outweigh its prejudicial effect? Certainly two felonies are more probative than one as to the defendant's disregard for rules and norms. Nor are these two convictions remote, or widely separated, in time. That suggests a pattern of disregard for the law that is fresh, fixed and ongoing.

Nevertheless, viewed from the point of view of *incremental* probativeness and prejudice, I cannot justify permitting use of a second conviction. The second, very similar drug felony is cumulative of the first. Many jurors, I believe, have a strong aversion to narcotics offenses. And some may subscribe

6

to an essentialist, or "bad apple," theory of human behavior. A second narcotics conviction would tend to cement the view that the defendant is a habitual or career drug dealer, making neutral evaluation of the current weapons offense more difficult. Balancing all of the factors, I find that the incremental impeachment value of a second prior felony is not outweighed by the potential prejudice.

My ruling, then, is as follows: First, I will permit impeachment with one of the two prior drug felonies. Second, the prior felony will be named in a neutral fashion and contained in a single question, worded substantially as follows: "Do you have a prior felony conviction of distribution of narcotics, or possession with intent to distribute narcotics, dating from 2013?" To be clear, there will be no mention of a school zone.[4] Third, I will deliver an appropriate limiting instruction to the effect that the prior felony is to be considered only as to credibility.

## II.   Impeachment With False Aliases and Birth Dates

The government states that, if Mr. Barr should testify, it will seek to impeach him with the fact that, when confronted by law enforcement, he has used aliases and false birth dates. The government proffers the following three incidents, which I designate (a), (b), and (c):

a) On November 21, 2012, when arrested for receiving stolen property, Mr. Barr gave the officers the name "Lamar C. Hankerson" and a false date of birth of December 8, 1995.

b) On February 28, 2013, when arrested for drug offenses, Barr gave the officers the name "Tajyah Oliver" and a false date of birth of April 12, 1994.

c) On June 2, 2014, when arrested in connection with the current weapons

---

[4] I here presume that the government will select the more recent, 2013 offense (though it might, I suppose, elect to use the earlier, 2011 offense). School zone offenses are defined by geographical proximity to a school property (and school zones may encompass most of a dense urban area such as Newark). See N.J. Stat. Ann. 2C:35-7. A lay jury, however, might infer that the defendant sold drugs to school children, an unjustified and unduly prejudicial conclusion that is not offset by any legitimate impeachment value.

7

charges, Barr gave the officers the name "Tajee Smith."

I will grant the government's motion *in limine* and permit use of these three incidents on cross-examination, subject to the limitations stated below.

Under Federal Rule of Evidence 608(b)(1), cross-examination may include specific instances of conduct concerning a witness's character for truthfulness or untruthfulness, subject to the familiar probativeness/prejudice balancing test of Rule 403. A criminal defendant's use of false names or false identifying information is very clearly such a specific instance of conduct; lying about one's identity, directly or by implication, is highly probative of truthfulness. *See United States v. Irizarry*, 3412 F.3d 273, 311–12 (3d Cir. 2003) (defendant's possession of driver's license and social security card in another's name); *United States v. Weekes*, 611 F.3d 68, 71 (1st Cir. 2010) (in felon-in-possession case, questioning defendant witness about use of false social security numbers "obviously went to credibility and was therefore admissible under Federal Rule of Evidence 608(b)"); *United States v. Santiago-Ledezma*, 185 F.3d 871 (9th Cir. 1999) (because "defendant placed his credibility in issue when he took the witness stand, cross-examination concerning his use of one alias was proper to impeach his character for truthfulness"); *United States v. Ojeda*, 23 F.3d 1473, 1477 (8th Cir. 1994) (cross-examination of defendant about use of another name).

Incidents (a), (b), and (c), then, clearly relate to the defendant's truthfulness. Such prior false statements lie at the very heart of legitimate cross-examination. Defense counsel's concern is that such questions would reveal Mr. Barr's history of arrests and convictions, and hence would flunk the Rule 403 balancing test.

The easiest case is incident (c), above. The 2014 arrest in question relates to the very felon-in-possession offense for which Mr. Barr will now be standing trial. Obviously the jury will be aware that Barr was arrested and indicted for this weapons offense. Eliciting Barr's furnishing of a false name in

8

connection with his arrest will not expose the jury to any extraneous, prejudicial information about actual or alleged criminal activity.

Less easy, but still clear, is the permissibility of eliciting incident (b), above. I will permit the government to ask Mr. Barr whether, in connection with his February 28, 2013 arrest, he gave the false name Tajyah Oliver and a false date of birth of April 12, 1994. Because that narcotics arrest relates to the September 27, 2013 narcotics conviction discussed in Section I, above, this evidence will not gratuitously inject that conviction into the case; the jury will hear about it in any event.[5] Any resulting prejudice, then, would not outweigh the probative value of this alias/date of birth evidence.

Incident (c), on the other hand, relates to a 2012 arrest for receiving stolen property. The jury will not have heard any information about that arrest, or any arrest, in 2012. I will permit the government to ask only whether Mr. Barr, on another occasion, "used" the alias Lamar C. Hankerson and the date of birth of December 8, 1995. No further exploration of the circumstances will be permitted.

In addition I will as appropriate instruct the jury that such incidents are to be considered solely as to credibility.

---

[5]   Another reason for the government to opt for the 2013, rather than the 2011, prior felony. If this alias/false date of birth evidence were not tethered to a prior conviction of which the jury had independent knowledge, the probativeness/prejudice balance might be different.

## ORDER

Accordingly, **IT IS** this 20th date of October, 2015

**ORDERED** that the motions of the United States *in limine* (ECF No. 19) are **GRANTED IN PART**, for the reasons and to the extent stated in the foregoing Opinion.

_____
KEVIN MCNULTY
United States District Judge