## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**Caliph BARR,**<br>                    **Defendant.** | Crim. No. 14-592 (KM)<br><br><br>**OPINION & ORDER** |

This one-count Indictment charges that the defendant, Caliph Barr, having previously been convicted of a felony offense in the Superior Court of New Jersey, Essex County, illegally possessed a firearm and ammunition. *See* 18 U.S.C. § 922(g)(1). Trial is scheduled to begin on Monday, November 2, 2015. On October 28, 2015, although the deadline for pretrial motions was long past, I permitted Mr. Barr to file a motion to suppress physical evidence on short notice, and gave the government one day to respond. I now decide that motion to suppress evidence—specifically, a gun seized from Mr. Barr on June 2, 2014. For the most part, the motion is disposed of by binding Supreme Court authority. *See California v. Hodari D.*, 499 U.S. 621, 626, 111 S.Ct. 1547 (1991).

### A.    Defendant's Allegations and Contentions

The statement of facts in Mr. Barr's motion ("Motion," ECF No. 30) rests on a police investigative report:

> According to the Incident Report, dated June 2, 2014, police officers noticed a group of males on a street corner in an area the report described as "problematic" because of the number of arrests in the area. *See* Exhibit A. As the officers drove up to the group, Mr. Barr separated from the group while allegedly "adjust[ing] something in his waistband area" as he "focused" on the officers' vehicle. *Id*. The officers exited the vehicle and began to pursue Mr. Barr on foot while shouting "Stop police." While pursuing Mr. Barr, the officers claim to have seen him toss

a firearm. *Id.* After Mr. Barr was arrested, the officers recovered a firearm.

(Motion, p. 1)

The Motion argues that this was not a legitimate stop under the familiar reasonable-suspicion standard of *Terry v. Ohio,* 392 U.S. 1 (1968):

> At the time he was stopped, Mr. Barr was not involved in any overtly criminal or suspicious conduct. The only reason officers give for initiating the seizure was because they allegedly noticed him adjust his waistband and walk away from a group. No other unlawful or suspicious behavior was identified by the arresting officers. Under the facts available, the "minimal level of objective justification for making [a] stop" required by Terry was not present. [citing *Illinois v. Wardlow,* 528 U.S. 119, 123 (2000)]
>
> After he was arrested, officers discovered a firearm that led to a charge for possession of a firearm. However, officers did not observe Mr. Barr in possession of a firearm prior to the stop. This alleged violation discovered after the stop cannot be used in hindsight to justify the stop.

(Motion, p. 2)

Mr. Barr's motion requests that "all evidence recovered during and after the unlawful stop be suppressed and an evidentiary hearing on his motion to discuss any factual disputes." (Motion, p. 2)

## B.   Discussion

### 1.   Evidentiary hearing

I first deal with defendant's rather equivocal request for an evidentiary hearing to "discuss any factual disputes."

An evidentiary hearing is appropriate only when the defendant establishes that facts material to suppression are meaningfully in dispute:

> The standard for when a hearing is required is well settled in our case law. As a general matter, an evidentiary hearing is required in circumstances in which a defendant advances a "colorable claim" that his or her constitutional rights have been violated. *United States v. Brink,* 39 F.3d 419 (3d Cir. 1994) (holding that the District Court erred in failing to hold an evidentiary hearing where the defendant stated "a colorable claim that the government

2

> violated his constitutional right to counsel by placing him in a cell
> with a known informant who may have been acting as a
> government agent"). A claim is "colorable" if it consists "of more
> than mere bald-faced allegations of misconduct." *United States v.
> Voigt*, 89 F.3d 1050, 1067 (3d Cir. 1996). Thus, to warrant an
> evidentiary hearing, a defendant's motion must contain "issues of
> fact material to the resolution of the defendant's constitutional
> claim." *Id.,* 89 F.3d at 1067.

*United States v. Jackson*, 363 F. App'x 208, 210 (3d Cir. 2010).

A threshold burden, then, falls on the defendant. A defendant who wants an evidentiary hearing on a suppression motion must proffer specific, non-conjectural and detailed facts that raise a relevant, disputed issue:

> A motion to suppress requires an evidentiary hearing only if the
> motion is sufficiently specific, non-conjectural, and detailed to
> enable the court to conclude that (1) the defendant has presented a
> colorable constitutional claim, and (2) there are disputed issues of
> material fact that will affect the outcome of the motion to suppress.

*United States v. Hines*, 628 F.3d 101, 105 (3d Cir. 2010). A "material" factual issue is one that "makes a difference in the outcome." *United States v. Persinger,* 2008 WL 2766154, at *2 (3d Cir. 2008) (not precedential).[1]

That requirement—that to justify an evidentiary hearing, a defendant's pretrial motion must raise a  specific, non-conjectural and detailed factual issue going to the validity of the search—has gained wide acceptance. It has been stated as a substantive rule governing the district court's proper exercise of its discretion,[2] and as a basis for a finding that an issue was waived on

---

[1]    This initial responsibility to identify a factual issue is a threshold burden. It does not detract from the government's ultimate burden of persuasion, in a proper case, that the evidence was constitutionally obtained. *See United States v. Matlock,* 415 U.S. 164, 177 n.14 (1974); *Lego v. Twomey,* 404 U.S. 477, 489 (1972).

[2]    *See Hines, supra; Thompson, supra; United States v. Getto,* 729 F.3d 221, 227 n. 6 (2d Cir. 2013) ("an evidentiary hearing on a motion to suppress ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question") (citation omitted); *United States v. Walczak,* 783 F.2d 852, 857 (9th Cir. 1986) (denying suppression hearing as a matter of law because there was no allegation that was "sufficiently definite, specific, detailed, and nonconjectural to

appeal.[3] The principle, however, is the same: to obtain a hearing, the defendant must proffer a specific, relevant issue of fact.

What form must such a proffer take? From time to time (though not here), the United States has suggested that an affidavit is required, and there is some support for that position:

> A defendant moving for the suppression of evidence seized following a search is not automatically entitled to an evidentiary hearing unless he supports his motion with "moving papers [that] are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question," *United States v. Pena,* 961 F.2d 333, 339 (2d Cir. 1992), including an affidavit of someone alleging personal knowledge of the relevant facts, *see, e.g., United States v. Gillette,* 383 F.2d 843, 848 (2d Cir. 1967). In the present case, the record does not reveal a submission to the district court of any affidavit from a person who had such personal knowledge.

*United States v. Barrios,* 2000 WL 419940, at *1 (2d Cir. 2000) (unpublished) (upholding denial of a hearing).

Other case law, however, is less categorical:

---

enable the court to conclude that contested issues of fact going to the validity of the search [were] in issue") (quoted in *United States v. Gwin,* 78 F. App'x 556, 557 (9th Cir. 2003)).

[3]

> Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure requires that a party raise a motion to suppress before trial. A party who fails to do so "waives any Rule 12(b)(3) defense, objection, or request," although "[f]or good cause, the court may grant relief from the waiver." FED. R. CRIM. P. 12(e). This waiver rule applies not only when a defendant fails to file any pretrial motion to suppress, but also when a defendant fails to assert a particular argument in a pretrial suppression motion that he did file.... To avoid waiving a particular argument, the party must make "sufficiently definite, specific, detailed and nonconjectural factual allegations supporting his suppression claim" in his pretrial motion.

*United States v. Hill,* 471 F. App'x 143, 153 (4th Cir. 2012) (quoting *United States v. White,* 584 F.3d 935, 948-49 (10th Cir. 2009)). *See also United States v. Augustine,* 742 F.3d 1258, 1266 (10th Cir. 2014) (failure to raise "definite, specific, detailed, and nonconjectural factual allegations" in pretrial motion waives the suppression issue).

> Factual allegations set forth in the defendant's motion, including any accompanying affidavits, must be sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented.

*Thompson*, *supra*, 540 F. App'x at 446 (quoting *Harrelson*, *supra*, 705 F.2d at 737; internal quotation marks and citations omitted)).

And some courts appear to meld the two approaches. Thus, the United States Court of Appeals for the First Circuit has upheld the denial without a hearing of a motion to suppress drugs seized from an automobile. There, the district court initially denied the motion because the defendant had failed to submit an affidavit. Later, when the defendant did submit an affidavit, the district court found it insufficient. The Court of Appeals affirmed:

> As for [defendant's] faulting the judge for not convening an evidentiary hearing ... we note that [defendant] had to satisfy an entry-level burden of showing that the police's warrantless search did not come within "any" recognized warrant exception .... And this he did not do, for he alleged nothing "definite, specific, detailed, and nonconjectural" that could defeat application of either exception here.

*U.S. v. Acosta-Colon*, 741 F.3d 179, 207 (1st Cir. 2013) (quoting *United States v. Allen*, 573 F.3d 42, 50–51 (1st Cir. 2009)). So ultimately it was lack of specificity, not lack of an affidavit, that determined the result.

But set that aside. I will not treat an affidavit as an absolute prerequisite to a hearing in this case. I always require, however, that any factual dispute requiring a hearing for its resolution be identified and stated specifically. That has not been done here.

Mr. Barr's motion relies on the facts recited in the police report, and argues that they do not set forth a basis for the investigative stop that produced the gun. It does not identify any fact that is in dispute. The final paragraph makes a *pro forma* request for a hearing as to "any factual disputes," but the motion does not state what such disputes might consist of. The request for a hearing, then, will be denied.

## 2.  Standing/seizure issues

The government asserts that Mr. Barr has failed to establish Fourth Amendment standing because, *inter alia,* he has not admitted that he owned the gun. Relatedly, it contends that Mr. Barr threw away the gun when fleeing, and had no legitimate expectation of privacy in the place where it happened to land.

Ownership of the gun, as such, is not really the issue. The cited standing cases require that a defendant have had a legitimate expectation of privacy in the place or the container from which the evidence was seized. *See, e.g., United States v. Ruth,* 65 F.3d 599, 604-05 (7th Cir. 1995) (seizure from garage); *United States v. Jihad,* 159 F. App'x 367, 371 (3d Cir. 20015) (seizure from driveway). The seizure cases hold that a Fourth Amendment seizure does not occur until a fleeing defendant is in fact caught: *i.e.,* either subdued by "physical force ... or, where that is absent, submit[ts] to the assertion of authority." *California v. Hodari D.,* 499 U.S. 621, 626, 111 S.Ct. 1547 (1991).

The police report on which Mr. Barr relies explicitly states—and the Motion repeats—that the defendant discarded the gun while fleeing. The point of the motion seems to be that the gun was not actually recovered until after the defendant was seized. But a defendant can have no legitimate expectation of privacy in property left in a public area; he has no ownership or other interest in the ground where the gun fell; and he has no claim of privacy as to abandoned property. *United States v. Fulani,* 368 F.3d 351, 354 (3d Cir. 2004) (reasonable expectation of privacy is forfeited when property is abandoned) (citing *Abel v. United States,* 362 U.S. 217, 241 (1960)); *United States v. Johnson,* 432 F. App'x 118, 121 (3d Cir. 2011) (finding that where no seizure occurred during chase by police, voluntary decision to abandon handgun during flight was not fruit of the poisonous tree). Nor is there any threshold showing that the recovery of the gun *resulted* from a Fourth Amendment seizure, whether valid or invalid. The defendant threw the gun away at a time

6

when he had not yet been seized for Fourth Amendment purposes. *See Hodari D.*, 499 U.S. at 629 (holding that defendant was not seized during police chase until tackled by police, so cocaine abandoned by defendant during flight was not the fruit of a seizure); *United States v. Baldwin,* 496 F.3d 215, 218-19 (2d Cir. 2007); *United States v. Washington,* 12 F.3d 1128, 1132-33 (D.C. Cir. 1994).

### 3.    The investigative stop

I turn to the investigative stop itself. I will, for purposes of argument, set aside the threshold standing/seizure issues discussed above.[4] The motion must nevertheless be denied without a hearing because it has no adequate legal basis.

Mr. Barr considers the factual basis for the stop inadequate, but he does acknowledge the underlying facts; as stated above, he does not set forth any alternative version of the events. As stated in his Motion, the officers were patrolling a high crime area; they saw Mr. Barr separate from a group while "adjust[ing] something in his waistband area"; as he did so, he "focused" on the unmarked police vehicle. The officers got out of the car and approached Mr. Barr, shouting "Stop, police." Barr fled, tossing something as he did so. (The officers state that they believed the item to be a firearm. We may even assume *arguendo* that they did not positively identify it until later; discarding the item while fleeing was legitimately seen as suspicious conduct.) The officers caught up with Mr. Barr and seized him, eventually arresting him based on the possession of the firearm.

Even on the version of the facts most favorable to the defendant, the investigative stop was legitimate. A *Terry* stop requires reasonable suspicion of

---

[4]    For purposes of this section, then, the case may be treated as equivalent to one in which a gun was seized directly from the defendant's person, pursuant to the stop and frisk. Those factual assumptions—not supported by anything in the record— would moot the standing and seizure issues. I nevertheless would find the stop and seizure of the gun to have been permissible. It is for this reason, and others, that an evidentiary hearing will not be convened.

criminal activity, not probable cause, let alone certainty. *Id.; Knowles v. Iowa*, 525 U.S. 113, 117-18 (1998). I agree with the defendant that subsequent events cannot retroactively justify a stop. The officers here, however, had a reasonable suspicion of criminal activity, viewed from the perspective of what they knew at the time. While no case could be wholly on point, similar cases support my conclusion. *See, e.g., United States v. Brown,* 448 F.3d 239, 251 (3d Cir. 2006) (reasonable suspicion established by defendants' presence in high crime area, behavior consistent with criminal activity as judged from perspective of experienced officer, and evasive behavior or flight from police); *United States v. Blackman,* 407 F. App'x 591, 595 (3d Cir. 2011) ("Based on Blackman's presence in a high crime area, his location in front of a residence known to the police to be the site of frequent drug dealing activity, and his flight upon seeing police, the officers had reasonable suspicion to conduct an investigatory stop.").

For all of the foregoing reasons, the defendant's motion to suppress evidence will be denied.

## ORDER

Defendant having moved to suppress evidence (ECF No. 30); and the United States having filed a response (ECF No.33); and the Court having considered the submissions; and good cause appearing therefor;

IT IS this 30th day of October, 2015

ORDERED that defendant's motion to suppress evidence is DENIED, for the reasons expressed in the foregoing opinion.

KEVIN MCNULTY, U.S.D.J.